IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WAYNE A. SCOTT,

      Appellant,

v.                                  Case No.  5D16-3278

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed April 6, 2018

Appeal from the Circuit Court
for Marion County,
Anthony M. Tatti, Judge.

James S. Purdy, Public Defender, and Noel
A. Pelella, Assistant Public Defender,
Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Appellant, Wayne A. Scott, appeals his judgment and sentence after pleading

guilty to knowingly and willfully violating his probation.  Appellant argues that the trial court

failed to conduct an adequate *Faretta*[1] inquiry when he invoked his right to self-representation before entering his plea.  We agree.

The Sixth Amendment guarantees a criminal defendant both the right to counsel and the right to self-representation.  *Faretta*, 422 U.S. at 807.  When a defendant invokes his or her right to self-representation, the trial court must conduct a thorough inquiry "to determine whether [the] defendant knowingly and intelligently waives the right to counsel and asserts the right to self-representation."  *Slinger v. State*, 219 So. 3d 163, 164 (Fla. 5th DCA 2017) (citations omitted).  "The ultimate test is not the trial court's express advice, but rather the defendant's understanding."  *Id.* (quoting *Fitzpatrick v. Wainwright*, 800 F.2d 1057, 1065 (11th Cir. 1986)).  We review the trial court's *Faretta* inquiry for an abuse of discretion. *Id.*

In *Slinger*, the trial court engaged the defendant in a partial *Faretta* inquiry, asking the defendant his age, education, work history, and prior legal experience.  *Id.* at 165.  The court also asked if the defendant was familiar with the interrogative methods used during direct and cross-examination, and informed the defendant that he would be required to follow the same rules as an attorney.  *Id.*  However, the trial court failed to inquire as to the defendant's mental health or the defendant's knowledge on the issue of jury selection.  *Id.*  The court also failed to inform the defendant of the maximum sentence, the nature and complexity of the case, that he would have diminished access to legal materials, and a limited ability to contact witnesses while incarcerated.  *Id.*  We also observed that the trial court failed to state on the record its reasons for finding the

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

defendant had knowingly and voluntarily waived his right to counsel. *Id.* As a result, this court reversed the defendant's convictions. *Id.* at n.7.

The inquiry in this case was even less complete than the inquiry we found deficient in *Slinger*. Here, the trial court merely asked Appellant's age, education, and the reason Appellant believed he could represent himself. The court did not advise Appellant of any of the disadvantages and dangers of self-representation, or of the possible consequences of the criminal charges against him. As in *Slinger*, the court also failed to inquire as to Appellant's mental capacity to freely and voluntarily waive his right to counsel. This is especially troubling given that Appellant filed a pro se "Notice to Rely on Insanity Defense," wherein Appellant alleged that "mental illness prevented him from willfully and knowingly violating his probation." Thus, we conclude that the *Faretta* inquiry in this case was inadequate, and therefore reverse Appellant's convictions and remand for further proceedings.

REVERSED and REMANDED.

PALMER, TORPY and EISNAUGLE, JJ., concur.